UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ICELA REYES, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ALLTRAN FINANCIAL LIMITED PARTNERSHIP and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No.<br>3:18 - CV - 150 (CSH)<br><br><br>JULY 3, 2018 |

## MEMORANDUM AND ORDER ON DISCOVERY RE CLASS CERTIFICATION

**HAIGHT, Senior District Judge:**

On January 25, 2018, Plaintiff Icela Reyes filed this two-count action against Defendant Alltran Financial Limited Partnership ("Alltran"), a debt collector, on behalf of a putative class of consumers, alleging abusive, deceptive, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff asserts that Federal Rule of Civil Procedure 23 pertains to her action in that she commenced it "individually and on behalf of a class of all others similarly situated."[1] Doc. 1 (Complaint), at 1. Plaintiff has not, however, moved for class certification.

In their joint "Rule 26(f) Report of Parties' Planning Meeting" [Doc. 15], the parties have

---

[1] In her Complaint, Plaintiff sets forth two counts for violations of the FDCPA: Count I (alleging that Alltran made a false and misleading representation to Plaintiff in violation of 15 U.S.C. § 1692e(10) of the FDCPA), Doc.1 (Count I), ¶¶ 35-39; and Count II (alleging that Alltran "falsely label[ed] the original creditor to whom [a certain debt] [was] owed," thereby violating 15 U.S.C. § 1692g(a)(2) of the FDCPA), *id.* (Count II), ¶¶ 40-45.

1

"respectfully request[ed] the Court's guidance in determining whether discovery as to class size, scope and certification should be conducted as a preliminary matter, or only upon the conclusion of proceedings and upon a finding of liability as to the underlying claims in this litigation." Doc. 15, at 4 (¶ V.E.2.) The parties have also reported that "[s]ettlement is likely." *Id.,* at 3 (¶ V.C.1.)

Pursuant to Rule 23(c)(1), Fed. R. Civ. P., a district court must rule on the issue of class certification "[a]t an early practicable time after a person sues or is sued as a class representative." As described in the Notes to the Rule, "[i]n order to give clear definition to the action, this provision requires the court to determine, as early in the proceedings as may be practicable, whether an action brought as a class action is to be so maintained." Such language suggests that Plaintiff must discover and present the facts supporting class certification as soon as "practicable" for the court's consideration.

Moreover, the "Standing Order on Scheduling in Civil Cases" of this District provides that "[a]ll motions relating to . . . class certification . . . shall be filed within 60 days after filing of the complaint." Civil Standing Order, at ¶ 2(b). The Complaint in this action was filed five months ago, on January 25, 2018. As described *supra*, although Plaintiff stated in the Complaint that she has brought her action "individually and on behalf of a class of all others similarly situated" and has alleged certain facts to support the existence of such a class, she has filed no formal motion for class certification. *See* Doc. 1, at 1, 3-6.

Pursuant to Rule 23, Fed. R. Civ. P., "[i]n determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201-02 (2d Cir.2008). Then the court must

determine whether the class satisfies one of the three categories listed in Rule 23(b). *Jennings v. Cont'l Serv. Grp., Inc.*, 314 F.R.D. 82, 83 (W.D.N.Y. 2016). *See also Diaz v. Residential Credit Sols., Inc.*, 297 F.R.D. 42, 46 (E.D.N.Y. 2014) (citing, *inter alia, Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010) and *Teamsters Local 445*, 546 F.3d at 202). Moreover, "[t]he party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

In certifying a class, "[t]he dispositive question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 have been met." *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 231 (S.D.N.Y. 2002) (citing *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974)). Class certification "is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Jennings*, 314 F.R.D. at 83 (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 (2011)). Therefore, unless adequate discovery is conducted, a motion for class certification may be deemed "premature." *Id.* at 84. *See also 3081 Main St., LLC v. Bus. Owners Liab. Team LLC*, No. 3:11-CV-1320 (SRU), 2012 WL 4755048, at *1 (D. Conn. Sept. 24, 2012) (Where the court decided to "credit plaintiff's own representation that more discovery [was] needed on factual issues related to class certification," "[t]he interests of both parties, as well as the interests of the court, [were] best served by deferring a determination on class certification until that process [would be] complete.").

As to timing, the Second Circuit has stated that the district court has certain discretion to decide when to determine class certification. *Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) (citing *Chateau De Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir.1978)). "[T]here can be no doubt that it is proper for

3

a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *Philip Morris*, 214 F.3d at 135 (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.1982)). "[I]n making a certification decision, a judge must look somewhere between the pleading[s] and the fruits of discovery. . . . [E]nough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain." *Philip Morris*, 214 F.3d at 135 (quoting *Sirota*, 673 F.2d at 571-72). However, "as soon as practicable" does not confer "unfettered discretion." *Id.*

Although an early determination regarding class certification is favored, district courts have found Rule 23(c)(1) to afford flexibility when, for example, the courts have been presented with both a dispositive motion and a motion for class certification.[2] *Richards v. Direct Energy Servs., LLC*, 246 F. Supp. 3d 538, 560 (D. Conn. 2017); *see also Project Release v. Prevost*, 722 F.2d 960, 964 (2d Cir. 1983) ("[C]lass certification was sought by appellants in the district court but was not ruled upon."). A district court may thus reserve decision on a class certification motion until the disposition of a motion for summary judgment. *See Encarnacion v. Astrue*, 491 F.Supp.2d 453, 459 (S.D.N.Y. 2007), *aff'd*, 568 F.3d 72 (2d Cir. 2009). This "chronology may be appropriate depending

---

[2] For example, district courts within this Circuit have held that although issues relating to class certification should be decided before a decision on the merits of a plaintiff's case, a defendant may waive its right to have class certification issues decided first by motion. *See e.g.*, *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 388 n.1 (W.D.N.Y. 2010) (ruling on defendant's 12(b)(6) motion after defendant moved for a decision on the merits of the case before a decision was reached on class certification). *See also Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir.2000), *Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007). The Court notes that in such cases where the district court ruled on a dispositive motion before class certification, a formal motion for certification had been filed.

4

on the complexity of the legal or factual issues raised by the motion to certify and the prejudice that either party might face." *Richards*, 246 F. Supp. 3d at 560 (citing *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987)) (internal quotation marks omitted). *See also Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (district court had discretion to decide summary judgment motion before class certification motion so as "to protect both the parties and the court from needless and costly further litigation.").

In the case at bar, Plaintiff must, if so advised, confirm that she seeks to pursue this action as a class action by filing a motion to certify the class. To prepare such a motion, her counsel must conduct in-depth discovery as to the characteristics and category of a possible class under Rule 23(a)-(b), Fed. R. Civ. P. If practicable, such discovery may be combined with discovery into the facts relevant to her particular claim.

In the interests of justice, however, if, as the parties represent, the case is indeed likely to settle, the parties may wish to move jointly for a referral to a Magistrate Judge for the purpose of a settlement conference. That way the parameters of the case and possibility of settlement may be discussed. If the case may be resolved in settlement, the parties may avoid extensive discovery costs and protracted proceedings.

In light of the foregoing, the Court ORDERS that on or before **August 1, 2018**, Plaintiff must confirm her intention to move for certification of a class in this action and provide a proposed deadline by which that motion may be filed, taking into account the necessary discovery which must be conducted to support it. Otherwise, if she no longer intends to litigate on behalf of a class, Plaintiff should move to withdraw the language regarding a class action from her Complaint.

In the interim, the parties may wish to consider the possibility of settlement and/or move for

an early settlement conference before a Magistrate Judge.

It is SO ORDERED.

Dated: New Haven, Connecticut
 July 3, 2018

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge